# FRANCIS JOHN MARTIN *v.* STATE OF MARYLAND

[No. 1080, September Term, 1977.]

*Decided September 6, 1978.*

The cause was submitted on briefs to MASON, COUCH and MACDANIEL, JJ.

Submitted by *Howard L. Cardin, Assigned Public Defender,* for appellant.

Submitted by *Francis Bill Burch, Attorney General, Gilbert H. Robinette, Assistant Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Irma S. Raker, Assistant State's Attorney for Montgomery County,* for appellee.

MASON, J., delivered the opinion of the Court.

The Appellant, Francis John Martin, was convicted by a jury in the Circuit Court for Montgomery County of kidnapping, sex offense in the first degree, unauthorized use of a motor vehicle, and use of a hand gun in the commission of a felony. He was sentenced to a total of 55 years to run consecutive to a life sentence he was serving in the State of Delaware.

The principal issue we are concerned with in this appeal is whether the trial judge erred, *i.e.,* abused his discretion in permitting evidence of the Appellant's escape from the Delaware State Prison to be admitted into evidence.

On 21 August 1976 Martin and three other persons escaped from the Delaware State Prison. Around 10:15 A.M., on 24 August 1976, two men forced their way into the automobile of the victim, an 18 year old college student who was at the Twinbrook Shopping Center in Montgomery County. They said "be quiet we are not going to hurt you. We just need your car to get out of this area. ... We need a place to drop you off so you cannot get to a phone for 15 minutes." One of the men drove the car while the other held a gun on the victim. After driving around for sometime looking for an isolated area, they finally drove down a dirt road and stopped. At this point the driver put his arm around the victim and said "come on let's take your shirt off." The man with the gun then got out of the car and stood by the back door. The driver pulled the victim into the back seat, removed her clothes and forced her

to engage   in oral and anal sex. Afterwards the victim's hands and feet were tied and the two men fled in her car. After freeing herself, the victim called the police and gave them a description of the two men. Later, upon being shown an array of pictures, she positively identified the picture of Martin as the driver of the car and the picture of William Hayes [1] as the man with the gun.

Martin was charged by indictment with several offenses relating to this incident. Prior to trial he filed a motion to limit the scope of the evidence by excluding all reference to the fact that he was an escapee from the Delaware State Prison at the time the alleged offenses were committed.

At the hearing on this motion the Court inquired:

> "THE COURT: What does the State think about the motion in limine?
>
> "MRS. RAKER: We are opposed, I think that evidence is absolutely admissible. That there is an abundance of case law in the State of Maryland and in the legal treatises that indicate that evidence of another crime is admissible. If it falls within one of the five exceptions to the general rule, such evidence is then admissible. I would offer to the Court that the fact that the defendant and his three accomplices were escapees, the motives to why they intended to steal the automobile, which is the larceny charge in the indictment and evidence of their intent to get out of town out of necessity of getting out of town in a hurry, I think is intrinsically tied up to the facts within the indictment and of the charges. And I would suggest that is properly admissible in the case, and I intend to offer it."

Martin's motion in limine was denied.

In opening argument to the jury the prosecution, over

---

1. Before Martin was tried Hayes pled guilty to kidnapping and was sentenced to a term of 25 years.

Appellant's objection, made the following reference to Appellant's escape.

"MRS. RAKER: This defendant, Francis Martin, escaped from a Delaware correctional institution — from a Delaware prison in Smyrna, Delaware. Francis Martin, the defendant, William Hayes, and a man named Julian, and another one named Francis left the Delaware correctional institution in Smyrna, Delaware and came down into the State of Maryland and was [sic] essentially on the run."

* * *

"You will hear from William Hayes. William Hayes was serving two life sentences in Delaware for the crime of murder at the time he escaped. He pleaded guilty. He was charged for his participation in this incident and has pleaded guilty for his involvement in this incident."

At trial Martin was identified by the victim as one of her abductors and the man who sexually assaulted her. Martin was also identified by a friend of the victim who saw him and Hayes abduct her from the parking lot at the Twinbrook Shopping Center. In addition, Hayes not only testified regarding Martin's involvement in the kidnapping of and sexual assault on the victim, he also testified that he, Martin and two other men had escaped from prison on 21 August 1976. The Appellant did not take the stand or offer any evidence on his behalf.

The law of this state is fully in accord with the universally accepted rule "that in a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent of that for which he is on trial, even though it be a crime of the same type, is irrelevant and inadmissible." *Ross v. State,* 276 Md. 664, 669 (1976). Neither can the "prosecution show that the defendant has been arrested, indicted, convicted or imprisoned for another crime." 1 C. Torcia, *Wharton's Criminal Evidence,* § 240 at 533, 13th edition 1972.

Nor can the prosecution show that the defendant is an escaped prisoner.

The established exceptions to the exclusionary rule were enunciated in *Ross, supra,* at 669 and 670:

> "There are exceptions to this general exclusionary rule which, perhaps, are equally well-recognized. Thus, evidence of other crimes may be admitted when it tends to establish (1) motive, (2) intent, (3) absence of mistake, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and (5) the identity of the person charged with the commission of a crime on trial. Additional exceptions have also been recognized: When the several offenses are so connected in point of time or circumstances that one cannot be fully shown without proving the other, and to show a passion or propensity for illicit sexual relations with the particular person concerned in the crime on trial; and to prove other like crimes by the accused so nearly identical in method as to earmark them as the handiwork of the accused. C. McCormick, Evidence § 190 (2d ed. 1972)." (citations omitted)

It is the position of the State that evidence of Appellant's escape was admissible because it was relevant to establish his motive [2] for stealing the victim's car. We do not agree.

This is not à case where the larceny of the automobile was contemporaneous with the escape. Here Martin escaped from

---

2. There are differing viewpoints as to what is meant by the word motive and how it differs from intent. See W. LaFave and A. Scott, *Criminal Law* § 29 (1972).

Wigmore says "It would be more conducive to clearness of thought if the word 'motive', so misleading in its popular associations, could be abandoned altogether in discussing evidential questions." 1 Wigmore, *Evidence,* § 117 at 558 (3d ed. 1940).

"When it is said that evidence going to show motive is admissible, it is meant that the circumstantial evidence is admissible that would appear to cause or produce the emotion that would in turn provoke or incite the commission of the criminal offense." *Rodriguez v. State,* 486 S.W.2d 355 (1972).

a prison in the State of Delaware on 21 August 1976 while the larceny of the vehicle occurred on 24 August 1976 in Montgomery County, Maryland. The larceny of the vehicle was too remote in time and distance from the escape; at best the degree of causality between the two incidents was *de minimus.* Moreover, Martin's motive for taking the vehicle is not an issue in the case, nor was it an element of any crime for which he was charged. When Appellant abducted the victim and took her car, his motive was clear and unequivocal. He specifically stated "we just need your car to get out of this area." What we said in *Jones v. State,* 38 Md. App. 432, 438 (1978) is particularly applicable here:

> "When appellant entered the three establishments, armed with a gun demanding money, his motive and intent were fairly obvious, and the admissibility of the other offenses with respect thereto was unnecessary and irrelevant to any contested issue in the case. . . ."

> "Although evidence of other crimes is admissible to show intent and motive, it was not needed nor admissible for such purpose in this case. Appellant's conduct was unequivocal and his intent and motive could be inferred from his conduct alone." (citations omitted)

Even if we assume, which we do not, that evidence of Appellant's escape was admissible because it was relevant to the issue of motive, one of the certified exceptions to the other crime rule, this evidence still would not be admissible. In *Cross v. State,* 282 Md. 468 (1978) the Court of Appeals said:

> "Though the evidence may fall within one or more of the exceptions, the trial judge still possesses discretion as to whether it should be received. In the judicious determination of this issue he should carefully weigh the necessity for and probativeness of the evidence concerning the collateral criminal act against the untoward prejudice which is likely to be the consequence of its admission. In some cases, this may require that evidence of the criminal actions of

> the defendant be totally excluded; in others, admission of portions or all of the evidence of the defendant's specific criminal actions may be permissible." (citations omitted)

In *Jones, supra,* at 437-38 we recited with approval the instructive comments of Dean McCormick:

> "[I]f the judges, trial and appellate, content themselves with merely determining whether the particular evidence of other crimes does or does not fit in one of the approved classes, they may lose sight of the underlying policy of protecting the accused against unfair prejudice. The policy may evaporate through the interstices of the classification.
>
> "Accordingly, some of the wiser opinions (especially recent ones) recognize that the problem is not merely one of pigeonholing but one of balancing, on the one side, the actual need for the other-crimes evidence in the light of the issues and the other evidence available to the prosecution, the convincingness of the evidence that the other crimes were committed and that the accused was the actor, and the strength or weakness of the other-crimes evidence in supporting the issue, and on the other, the degree to which the jury will probably be roused by the evidence to overmastering hostility."

C. McCormick, *Evidence,* § 190 at 453 (2d ed. 1972) (citations omitted).

In applying the above tests by balancing "actual need for other crimes evidence in light of the issues and the other evidence available to the prosecution," *Id.,* the impropriety of admitting the evidence of Martin's escape is clear. This evidence served no legitimate need of the prosecution. Martin did not take the stand or offer any evidence on his behalf. The prosecution was informed prior to trial that no evidence would be presented by the defense and was, therefore, aware that the motive for the larceny of the victim's vehicle would not be a contested issue in the case. Furthermore, as we said

before, motive was not an essential element of any offense charged. Therefore, it was not necessary for the prosecution to establish motive in order to prove its case.

Although the misuse of the other crimes evidence is clear, we do not think reversal on this ground is required or appropriate in this case. Here Martin was postively identified by the victim as one of her kidnappers and the person who sexually assaulted her. He was also identified by a friend of the victim as one of her abductors. In addition Hayes, a co-participant in the crime, testified that he and Martin abducted the victim and that Martin sexually assaulted her. The testimony of these three witnesses was not controverted. Under the facts in this case proof of Martin's guilt was so overwhelming we are persuaded that the error did not contribute to the guilty verdict and was harmless beyond a reasonable doubt. *Dorsey v. State,* 276 Md. 638, 659 (1976).

The further argument of the Appellant is that the photographic array shown to the witnesses was impermissibly suggestive because the pictures "either depicted persons without facial hair with the exception of the Appellant, or in the alternative his facial hair was much more predominant than that of any of the others." This contention is without merit and can be disposed of briefly. The trial court examined the 10 photographs in question and found that five of them depicted men with facial hair. Upon our constitutionally mandated, independent review we do not find the photographic array to be impermissibly suggestive. *Godwin v. State,* 38 Md. App. 716, 725 (1978). Nor do we find the in-court identification of Martin a product of the earlier extra judicial identification.

*Judgments affirmed.*
*Costs to be paid by appellant.*